IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **714 VENTURES, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO. 15-925** |
| **NATIONAL OILWELL VARCO, L.P.** | : | |

## ORDER-MEMORANDUM

**AND NOW,** this 24th day of August 2017, upon considering Plaintiff's unopposed Motion to review the Clerk's determination of taxed costs (ECF Doc. No. 81), it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 81) is **GRANTED in part** and **DENIED in part** as we reduce Mr. Mann's airfare to $700 resulting in reducing the costs awarded to National Oilwell from $2,263.12 to $2,005.00.

### *Analysis*

We entered final judgment on December 14, 2016.[1] National Oilwell Varco moved for costs and 714 Ventures, Inc. objected. The Clerk of Court awarded costs $2,263.12 and 714 Ventures timely moved for review of the Clerk's determination of costs.[2]

Federal Rule of Civil Procedure 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs[3]–other than attorney's fees–should be allowed to the prevailing party…" The Local Rules provide "[w]hile there is no strict deadline for filing a bill of costs with the Court, a bill of costs must be filed within a reasonable period of time, which should be no later than 45 days after a final judgment is entered by the District Court"[4]

We review *de novo* the Clerk's determination as his role under 28 U.S.C. § 1920 is "essentially ministerial."[5] We "retain the discretion to assess independently the factual record, whether the record consists of new evidence or old."[6] Rule 54(d) "creates a 'strong presumption'

that all costs authorized for payment will be awarded to the prevailing party."[7] "The losing party, therefore, bears the burden of showing why costs should not be taxed against it."[8] We retain discretion to "refuse to tax costs in favor of the prevailing party."[9]

### A. Objection to timeliness of National Oilwell Varco's bill of costs.

714 Ventures objects to the Clerk's award of costs because National Oilwell filed its Bill of Costs outside the reasonable 45 day limit set by this District. We addressed and overruled 714 Ventures' objection in our May 30, 2017 Order: "Local Civil Rule 54B.2 focuses on reasonableness and does not set a compulsory deadline" and National Oilwell's "delay of approximately ninety (90) days is not unreasonable given the number of identified costs and [714 Ventures] demonstrates no prejudice in the delayed Bill of Costs…"[10]

### B. Objection to costs for Jeffrey Mann's video deposition.

714 Ventures objects to the Clerk's award of $1,260.12 in costs for airfare and video deposition of Jeffery Mann because 714 Ventures agreed to his video deposition as a professional courtesy so Mr. Mann would not need to cancel a vacation.

National Oilwell offered Mr. Mann's video deposition at trial. "Costs related to depositions are recoverable when the depositions are "reasonably necessary" for trial or actual trial preparation."[11] We deny 714 Ventures' request to disallow all costs related to Jeffery Mann's video deposition because National Oilwell used the video deposition at trial.

714 Ventures further objects to the $985.12 airfare because National Oilwell only submitted Mr. Mann's unissued airline itinerary which is not "a receipt or other evidence of actual cost." 714 Ventures also argues Mr. Mann's "last minute, same day flight" is not the most reasonable, economical rate available. National Oilwell submitted Mr. Mann's itinerary for a

2

non-stop roundtrip from Houston to Pittsburgh for December 6, 2016. It offers no receipt or evidence of costs. The itinerary shows Mr. Mann booked the flight on November 30, 2016.

We find the itinerary sufficient evidence of actual cost because Mr. Mann flew to Pittsburgh on December 6, 2016 for his deposition. But we also find the $985.12 fare is not the most economically reasonable rate because Mr. Mann did not make his reservation until November 30, 2016. On October 25, 2016, we scheduled trial for December 12, 2016.[12] Counsel for National Oilwell should have known he needed to depose Mr. Mann well before November 30, 2016. Our independent research shows a single day round trip non-stop flight from Houston to Pittsburgh booked approximately a month in advance costs between $580 to $1,000. We find Mr. Mann's $985.12 fare is not the most economically reasonable fare and reduce the award to $700.

### C. Objection to Keith Vinson's lodging and subsistence.

714 Ventures objects to the Clerk's award of Mr. Vinson's witness costs for three (3) nights lodging and (4) days subsistence because Mr. Vinson only testified on one day of trial. 28 U.S.C. § 1821(d)(1) allows subsistence and lodging paid to a witness who lives so far from the place of trial as to prohibit them from returning home "day to day." Mr. Vinson testified on the second day, December 13th, of our three day trial. We tax costs for a witness on the day before they testified and the day of testimony where "there is no indication that there was not a "good faith expectation" that [the witness] might be called to testify" the first day.[13]

We allow witnesses fees in the amount of $554.58 because it is reasonable he arrived in Pittsburgh on December 11th, the day before trial, and the night of December 12th because National Oilwell reasonably expected he could be called to testify the first day of trial. Mr. Vinson

3

completed his testimony later in the day on December 13th so it reasonable Mr. Vinson remained in Pittsburgh the night of December 13th and returned on the next day.

KEARNEY, J.

---

[1] ECF Doc. No. 68.

[2] Fed. R. Civ. P. 54(d)(1). "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."

[3] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

[4] Local Rule 54B.2.

[5] *See Farmer v. Arabian Am Oil Co.*, 379 U.S. 227, 233, (1964) (*de novo* review of new evidence weighing in favor of reducing the costs award.); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000).

[6] *Id.* at 462.

[7] *Collins v. Kindred Hosps. E., LLC*, No. 14-17, 2017 WL 607740, at *1 (W.D. Pa. Feb. 15, 2017) (quoting *Reger v. Nemours Found. Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (*citing In re Paoli R.R. Yard PCB Ligit.*, 21 F.3d at 461).

[8] *Id.* (quoting *Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 324 (E.D. Pa. 2007)).

[9] *Id.* (*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

[10] ECF Doc. No. 78.

4

[11] *Herbst v. Gen. Acc. Ins. Co.*, No. 97-8085, 2000 WL 1185517, at *1 (E.D. Pa. Aug. 21, 2000) (citing 28 U.S.C. § 1920(2); *Burks v. City of Phila.*, 1998 WL 521705, *4 (E.D. Pa. June 26, 1998); *Marcario v. Pratt & Whitney Canada, Inc.*, 1995 WL 649160, *1 (E.D. Pa. Nov. 1, 1995).

[12] ECF Doc. No. 51.

[13] *See Smith v. Crown Equip. Corp.*, No. 97-541, 2000 WL 62314, at *2 (E.D. Pa. Jan. 13, 2000) ("This case started on February 10, 1998. Stamen stayed in Philadelphia on February 11 and 12, 1999, and testified on February 13, 1999. There is no indication that there was not a "good faith expectation" that witness Stamen might be called to testify on February 12, 1999") (citing *Farley v. Cessna Aircraft Co.,* No. 93-6948, 1997 WL 537406, at *3–4 (E.D. Pa. Aug. 1, 1997) (witnesses often must be available in court before the day they actually testify, therefore witness fees for such an eventuality are taxable)); *Greene v. Fraternal Order of Police,* 183 F.R.D. 445, 450 (E.D. Pa. 1998) (costs are properly taxed when there is a good faith expectation that witnesses might be called and had to be made available for that eventuality).